IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| DEBRA TROYER, | ) |
| Plaintiff, | ) |
| v. | ) Case No. |
| PATENAUDE & FELIX, A.P.C., | ) **Jury Demanded** |
| Defendant. | ) |

## COMPLAINT -- CLASS ACTION

## MATTERS COMMON TO MULTIPLE COUNTS

### INTRODUCTION

1. This action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, and the debt collection provisions of the Wisconsin Consumer Act, Wis. Stats., ch. 427.

### JURISDICTION AND VENUE

2. The court has jurisdiction to grant the relief sought by the plaintiff pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331, 1337 and 1367. Venue in this District is proper in that defendant directed its collection efforts into the District.

### PARTIES

3. Plaintiff Debra Troyer is an individual who resides at 6370 South 35th Street, Apt. 3, Franklin, Wisconsin 53132.

4. Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. §1692a(3), in that defendant sought to collect from her a debt incurred for personal, family or household purposes.

5. Defendant Patenaude & Felix, A.P.C. ("Patenaude") is a collection agency and law firm with offices in California and Pennsylvania. Its principal place of business is located at 4545 Murphy Canyon Road, 3d Floor, San Diego, CA 92123.

6. Patenaude is engaged in the business of collecting debts owed to others and incurred for personal, family or household purposes. Patenaude is a debt collector as defined in 15 U.S.C. § 1692a and Wis. Stats. § 427.103.

**FACTS**

7. On or about February 2, 2004, between 2 p.m. and 3 p.m., defendant initiated a telephone call to plaintiff's employer.

8. An employee of the defendant, who called herself 'Mary,' spoke with the plaintiff.

9. Mary stated that within 10 days, 'they' would be at the plaintiff's work to garnish her paycheck.

10. Mary further stated that as a result of such action, the amount of the debt owed by the plaintiff would be increased from approximately $3,100.00 to $3,900.00.

11. Mary further stated that her law firm would retain an attorney in Wisconsin for this matter.

12. As no suit had been commenced against the plaintiff, it would be impossible for the plaintiff's wages to be garnished within ten days.

13. As the Wisconsin Consumer Act, Wis. Stats. § 422.211 prohibits an award of attorneys fees against a consumer, it would be impossible for the debt owed by the Plaintiff to increase by $800.00 in ten days.

14. Upon information and belief, defendant had not retained the services of a Wisconsin attorney within the ten day timeframe stated by Mary.

15. Upon information and belief, Mary's debt collection activities were guided a predictive dialing computer system, and she was provided with debt collection scripts. These standardized scripts are used by defendant's collection employees to collect debts.

### COUNT I -- FDCPA

16. Plaintiff incorporates ¶¶ 1-15 .

17. Defendant's threat to garnish Plaintiff's wages within ten days was false and misleading, and violates 15 U.S.C. § 1692e generally, and more specifically, § 1692e(5).

### COUNT II -- FDCPA

18. Plaintiff incorporates ¶¶ 1-15 .

19. Defendant's threat to increase the amount of the debt by the plaintiff by $800.00 within ten days was false and misleading, and violates 15 U.S.C. § 1692e generally, and more specifically, § 1692e(2)(B).

### COUNT III -- FDCPA

20. Plaintiff incorporates ¶¶ 1-15 .

21. Defendant's threat to retain a Wisconsin attorney within ten days was false and misleading, and violates 15 U.S.C. § 1692e.

### COUNT IV -- WISCONSIN CONSUMER ACT

22. Plaintiff incorporates ¶¶ 1-15 .

23. Defendant's initiation of communication with Plaintiff's employer is prohibited by Wis. Stats. § 427.104(1)(d), and violates that same provision.

24. Upon information and belief, such violation was done knowingly and willfully.

25. Defendant is liable for statutory damages as provided for in Wis. Stats. § 425.304, of at least $100 per class member.

## COUNT V – OUTRAGEOUS MISCONDUCT

26. Plaintiff incorporates ¶¶ 1-15 .

27. Defendant's debt collection practices were done with intentional disregard as to the plaintiff's rights.

28. Plaintiff is entitled an award of punitive damages pursuant to Wis. Stats. section 893.85.

## CLASS ALLEGATIONS

29. Plaintiff brings her claims on behalf of a class with several subclasses. Subclass One consists of (a) all natural persons with Wisconsin addresses (b) whose employers were contacted by Defendant prior to entry of judgment, for a purpose other than to verify employment. Subclass Two consists of (a) all natural persons with Wisconsin addresses (b) who were falsely threatened with garnishment. Subclass Three consists (a) all natural persons with Wisconsin addresses (b) who were falsely threatened with an impermissible increase in the amount of their debt by the Defendant. Subclass Four consists of (a) all natural persons with Wisconsin addresses (b) who were falsely advised that a Wisconsin attorney would be retained.

30. The class is so numerous that joinder is impracticable. On information and belief, there are more than 50 members of the class.

31. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only

individual class members. The predominant common question is whether defendant's debt collection practices are false and misleading.

33. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

33. Plaintiff will fairly and adequately protect the interests of all class members in the prosecution of this action and in the administration of all matters relating to claims stated herein. Plaintiff is similarly situated with, and has suffered similar injuries as, the members of the class she seeks to represent. Plaintiff has retained counsel experienced in handling class action suits involving unfair business practices and consumer credit law.

34. Certification of a class under Fed.R.Civ.P. 23(b)(3) is appropriate. The common questions predominate over any individual questions. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, in that:

   a. The individual class members are not aware that they have been wronged and are thus unable to prosecute individual actions.

   b. Concentration of the litigation concerning this matter in this Court is desirable.

   c. The claims of the representative plaintiff are typical of the claims of the class.

   d. A failure of justice will result from the absence of a class action.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendant for:

5

      a.      Actual damages;

      b.      Statutory damages;

      c.      Punitive damages;

      d.      Injunctive relief;

      e.      Attorney's fees, litigation expenses and costs of suit;

      f.      Such other or further relief as the Court deems proper.

_____
Robert K. O'Reilly

Robert K. O'Reilly
ADEMI & O'REILLY, LLP
3620 East Layton Avenue
Cudahy, Wisconsin 53110
(414) 482-8000
(414) 482-8001 (FAX)

## **JURY DEMAND**

Plaintiff demands trial by jury.

_____
Robert K. O'Reilly